

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2009

# Kirley v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2728

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Kirley v. Williams" (2009). *2009 Decisions.* Paper 1405.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1405

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2728
_____

KAREN SUE KIRLEY,
                              Appellant

v.

OFFICER MATTHEW WILLIAMS;
OFFICER VICTORY,
City of Erie Police Officers;
CITY OF ERIE, PENNSYLVANIA;
CHIEF OF POLICE CHARLES BOWERS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 02-cv-00355)
District Judge: Honorable Maurice B. Cohill, Jr.
_____

Argued January 27, 2009

Before: RENDELL and SMITH, Circuit Judges,
and POLLAK*, District Judge.

(Filed:May 5, 2009)
_____

_____

   *  Honorable Louis H. Pollak, Senior Judge of the United States District Court for the
   Eastern District of Pennsylvania, sitting by designation.

Timothy P. O'Brien, Esq.   **[ARGUED]**
Allegheny Building
Suite 1705
429 Forbes Avenue
Pittsburgh, PA   15219

*Counsel for Appellant*
  *Karen Sue Kirley*


Audrey Copeland, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
620 Freedom Business Center, Suite 300
King of Prussia, PA   19406

Charles W. Craven, Esq.
James W. Gicking, Esq.   **[ARGUED]**
Marshall, Dennehey, Warner, Coleman & Goggin
8th Floor
1845 Walnut Street
Philadelphia, PA   19103

*Counsel for Appellees*
  *Officer Matthew Williams; Officer Victory;*
  *City of Erie Police Officers; City of Erie, Pennsylvania;*
  *Chief of Police Charles Bowers*

_____

OPINION OF THE COURT
_____


RENDELL, <u>Circuit Judge</u>.

Appellant Karen Sue Kirley brought a 42 U.S.C. § 1983 action in the U.S. District

Court for the Western District of Pennsylvania asserting several claims against the City of

Erie and several police officials arising from a warrantless entry by two officers into her home, over her objection. The officers had effected the entry to help Kirley's son collect his belongings from the residence. After Kirley concluded her case in chief, the parties made cross motions for judgment as a matter of law under Federal Rule of Civil Procedure 50 ("Rule 50"). The District Court denied Kirley's motion, and granted Appellees' motion in part, upon concluding that the entry did not violate Kirley's Fourth Amendment rights. The jury returned a verdict for Appellees on all remaining claims. On appeal, Kirley challenges the Rule 50 order of the District Court and certain rulings relating to jury instructions.[1] Because we conclude that facts material to the constitutionality of the entry are in dispute, we will reverse the District Court's order granting judgment as a matter of law to Appellees and remand for a new trial addressing, and limited to, the Fourth Amendment entry issue. We will affirm on all other grounds.

Because we write for the benefit of the parties, we only briefly summarize the essential facts. Mrs. Kirley lived at her house in Erie with her daughter and her 18-year-old son Mark. At some point during the long Presidents' Day weekend of 2002, Mark left the house and spent at least one night at the home of his girlfriend's family. During his absence, Mrs. Kirley apparently changed the locks to her house. On the evening of

---

[1] In her notice of appeal, Kirley also included a June 28, 2006 order of the District Court denying her motion for partial summary judgment. Kirley did not address this order in her briefs or at argument. We conclude she has abandoned the issue and we will affirm this order. *See Hoxha v. Holder*, 559 F.3d 157, 162-63 (3d Cir. 2009).

Monday, February 18, Mark returned to the house with his girlfriend's father, Mr. Christmas, in order to collect belongings he needed for school the following day. Mrs. Kirley was not home, and the two apparently tried Mark's key unsuccessfully. After Mark and Mr. Christmas returned to Christmas's vehicle, Mrs. Kirley returned home and entered the premises. Mr. Christmas called the police, and Defendants Williams and Victory were dispatched.

Officer Williams had a brief conversation with Mr. Christmas and Mark and came to understand that Mark intended to move out of the house, and that he wanted to collect some of his belongings. Williams learned that Mark was 18, and Mark showed him a key that Williams apparently understood to be a key to the residence. Williams testified that he was free to ask any questions he wished, but he did not inquire as to whether Mark had tried to use his key. Williams further testified that he did not believe there was any danger of violence between Mrs. Kirley and her son. Officer Williams went to the house and spoke to Mrs. Kirley. It is undisputed that Mrs. Kirley repeatedly stated that Mark no longer lived in the house, and that neither Mark nor the officers were welcome to enter. Notwithstanding Mrs. Kirley's objections, Officers Williams and Victory entered the premises with Mark and assisted him in collecting certain items. The interactions between Mrs. Kirley and the officers became heated, and the officers ultimately arrested her for harassment, a charge that was later dismissed.

Mrs. Kirley brought suit alleging that the officers were liable under § 1983 for entering her house in violation of her Fourth Amendment rights, and that the City of Erie was also liable because the officers were acting pursuant to express policies of the police department. She also asserted excessive force, false arrest, and malicious prosecution claims arising from events that occurred after the entry. The District Court denied a pre-trial motion by Appellees for summary judgment on the basis of qualified immunity. *Kirley v. Williams*, 2007 WL 543032 (W.D. Pa.). The Court determined that qualified immunity was unavailable as to the entry because facts were in dispute as to whether Mark had apparent authority to consent to the search. The District Court noted that, under clearly established law at the time and viewing the facts in Mrs. Kirley's favor, "[a] reasonable officer" confronted by Mrs. Kirley's objections "would have at least refused to enter the property until he was satisfied that consent was given. The information arguably in Officer Williams' possession could not reasonably have supported the belief that his actions were constitutional." *Id.* at *8 (citation omitted). Officer Williams subsequently testified at trial that Mrs. Kirley stated that Mark no longer lived in the house, and that she objected to the entry.

At the conclusion of Mrs. Kirley's case in chief, both she and Appellees moved for judgment as a matter of law pursuant to Rule 50(a). The District Court denied Kirley's motion, and granted Appellees' motion solely on the issue of the legality of the entry, concluding that there was no constitutional violation as a matter of law because

5

undisputed facts demonstrated that Mark still lived in the home and had actual and apparent authority to consent to the police entry.[2] The Court distinguished the intervening case of *Georgia v. Randolph*, 547 U.S. 103 (2006), in which the Supreme Court ruled that the consent of one tenant to a warrantless search for evidence was negated by the objections of a present co-tenant. *Id.* at 120. The District Court noted that the case at bar did not involve a search for evidence, and pointed to dicta in *Randolph* suggesting that its holding would not apply to a police entry for the assistance of a domestic abuse victim. *See id.* at 118-19. The trial proceeded on the surviving claims and the jury returned a verdict for Appellees on all counts.

With regard to the Rule 50(a) motions, Kirley's basic arguments are: (1) the District Court erred in denying her motion and granting Appellees' motion in part because the undisputed facts establish that the entry was unconstitutional under the law as currently understood, and under clearly established law in 2002; and (2) even if qualified immunity were deemed to shield the officers from liability, the doctrine is inapplicable to her claim against the City of Erie. Appellees respond that: (1) the District Court's Rule 50(a) decisions were correct because the entry was constitutional as a matter of current

---

[2]Because the District Court resolved the Rule 50(a) motions by finding there was no constitutional violation under the law as currently understood, it did not reach the qualified immunity inquiry of whether the officers' conduct violated clearly established law at the time of the entry.

case law; and (2) even if the entry was unconstitutional under current case law, it did not violate clearly established law at the time, and qualified immunity therefore applies.[3]

We conclude that the District Court erred in granting Appellees' Rule 50(a) motion as to the officers' entry into Kirley's home. The District Court could not conclude that Mark Kirley had either actual or apparent authority as a matter of law because facts material to these determinations were in dispute. Actual authority for a third party to consent to an entry by police exists when the third party has common authority over a premises. *See United States v. Matlock*, 415 U.S. 164, 171 (1974). It is undisputed that Mark Kirley had spent at least one night away from Mrs. Kirley's residence and that he intended to continue living elsewhere. Evidence was also produced that Mrs. Kirley changed the locks on the house after Mark left. A reasonable juror could have concluded that Mark no longer lived in the house, and therefore lacked common authority over the premises. Moreover, Mrs. Kirley testified that Mark was never allowed to invite other

---

[3]We have jurisdiction to review the District Court's order under 28 U.S.C. § 1291, and our review is plenary. *Lakeside Resort Enterprises, LP v. Board of Sup'rs of Palmyra Tp.* 455 F.3d 154, 156 (3d Cir. 2006). "We must view the evidence in a light most favorable to the non-moving party and must give the non-moving party the benefit of all reasonable inferences that can be drawn in its favor." *Id.* (internal quotations and ellipses omitted). We reject Appellees' argument, based on *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006), that we lack jurisdiction because Kirley did not renew her motion after the verdict under Rule 50(b) . A dispositive difference between this case and *Unitherm* is that the District Court simultaneously denied Kirley's Rule 50(a) motion and granted Appellees' motion in part at the conclusion of Kirley's case in chief. The entry claim was taken from the jury at that time, and Kirley had no obligation to renew her motion after the verdict on her surviving claims.

7

people into the house without her permission. A juror could also conclude from this testimony that Mark lacked common authority even if he had not moved out.

A third party has apparent authority to consent to an entry by police when the circumstances presented to the officer cause the officer to reasonably believe that the third party has common authority over the premises, even though the third party does not in fact have such authority. *Illinois v. Rodriguez*, 497 U.S. 177, 179 (1990). Even if the consenting party makes an explicit claim as to residing in a premises, circumstances "could conceivably be such that a reasonable person would doubt its truth and not act upon it without further inquiry." *Id.* at 188. Here, it is undisputed that Officer Williams knew that Mark had spent at least one night elsewhere, and that Mrs. Kirley repeatedly stated that Mark no longer lived in the house. The record also demonstrates that Officer Williams was free to ask any questions he wished of Mark, but he did not inquire further after hearing Mrs. Kirley's objections. A reasonable juror could conclude that, under the circumstances facing Officer Williams, a reasonable person would have either concluded that Mark did not have authority over the premises, or that further inquiry was warranted. For these reasons, we conclude that the District Court erred in determining that the entry into Mrs. Kirley's home was constitutional as a matter of law.[4]

---

[4]Although our analysis turns on the District Court's application of the actual and apparent authority doctrines, it is not clear that the record supports the District Court's view regarding the effect of *Georgia v. Randolph*, 547 U.S. 103 (2006). The District Court determined *Randolph* to be inapplicable because the entry in the instant matter was

(continued...)

8

Appellees contend that, even if the District Court erred in concluding there was no constitutional violation as a matter of law, the officers' conduct is shielded by the doctrine of qualified immunity because their conduct did not violate clearly established law at the time of the entry. However, the relevant law regarding actual and apparent authority predates the events of this case. Since, as discussed above, facts material to these inquiries are in dispute, we cannot decide that qualified immunity is available to the Appellee officers as a matter of law.[5] Moreover, the doctrine of qualified immunity is unavailable to municipalities such as Appellee City of Erie. *See Owen v. City of Independence*, 445 U.S. 622, 638 (1980) (a "municipality may not assert the good faith of its officers or agents as a defense to liability under § 1983").

---

[4](...continued)
not a search for evidence, and because *Randolph* articulates an exception for domestic violence situations. We note that this Court has never drawn a constitutional distinction between entries for evidence and entries for other purposes, and we have at least assumed that an entry to assist one tenant may violate the Fourth Amendment rights of a co-tenant. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 192-93 (3d Cir. 2005). Furthermore, it is undisputed that Officer Williams perceived no threat of violence between Mrs. Kirley and her son, and it is unclear from the record as it stands whether the officers were responding to a cognizable exigency by helping Mark enter the home over his mother's objections.

[5]While the ultimate question of whether an officer made a reasonable mistake of law, and is thus shielded by qualified immunity, is reserved for the court, *Curley v. Klem*, 499 F.3d 199, 211 (3d Cir. 2007), disputed issues of fact necessary for the resolution of this question must be submitted to the jury. *See Monteiro v. City of Elizabeth*, 436 F.3d 397, 405 (3d Cir. 2006).

In light of the foregoing, we will REVERSE the District Court's order and REMAND the matter for a new trial on Mrs. Kirley's claim that the entry by police into her home violated her Fourth Amendment rights.[6]  We will AFFIRM on all other grounds.[7]

---

[6]We agree with Appellees that the claims already decided by the jury were independent of Kirley's entry claim and need not be retried.  The District Court's error with regard to her entry claim did not affect an element of the verdict so as to draw into question the determination of the other issues.  *See Pryer v. Slavic*, 251 F.3d 448, 455 (3d Cir. 2001).  Further, we reject Mrs. Kirley's argument that the District Court abused its discretion by refusing to adopt six of her proposed instructions to the jury on the remaining post-entry claims.  These proposed instructions asserted, on various questionable grounds, that Kirley's conduct after the entry was constitutionally protected.  Even if these novel instructions were not misstatements of law, Kirley offers no support for her claim that the District Court was *required* to give them to the jury.  We also reject Kirley's argument that the District Court erred by failing to correct misstatements of law by Appellees during opening and closing arguments.  It is clear from the record that the District Court appropriately instructed the jury that the Court alone was the authority on interpretations of law.

[7]We will not disturb the District Court's denial of Mrs. Kirley's Rule 50(a) motion because genuine issues of material fact existed after her case in chief, thus making denial of her motion proper.

10